## DALTON ADDING MACHINE COMPANY v. J. F. BAILEY.[1]

### May 25, 1917.

### Nos. 20,233—(70).

**Title — finding sustained by evidence.**

1. The finding of defendant's ownership of the machine involved in this action is sustained by the evidence.

[1]Reported in 162 N. W. 1059.

**Exclusion of evidence.**

2. No prejudicial error could result from excluding questions calling for conclusions of the witness.

**Cross-examination.**

3. A cross-examination which goes to test statements made on direct is proper.

Action in replevin in justice court. From the judgment in favor of defendant, plaintiff appealed to the municipal court of St. Paul. The appeal was heard before Finehout, J., who made findings and ordered judgment in favor of defendant. From an order denying plaintiff's motion for amended findings or for a new trial, it appealed. Affirmed.

*William B. Henderson* and *Earl H. Miller,* for appellant.

*T. R. Kane,* for respondent.

HOLT, J.

The action is in replevin for an adding machine. The court found in favor of defendant, and plaintiff appeals from the order denying a new trial.

The facts are in short these: Plaintiff is an Ohio corporation engaged in the manufacture and sale of adding machines. Mr. C. E. Latshaw of Minneapolis is its sales agent in this state. Plaintiff claims that it does no business within Minnesota other than soliciting orders for machines through said Latshaw and such subagents as he may appoint. These orders when obtained are mailed to plaintiff, and, if accepted, the machine ordered is forwarded to the purchaser. It furnishes the sales agent with sample machines to be used for demonstrating purposes. Among the machines so furnished was the one in controversy. This machine Latshaw entrusted to a subagent by the name of Kennedy, but for some undisclosed reason it came into the possession of another subagent by the name of Cochran. Cochran solicited defendant to buy the machine, and left it in the latter's office, where it remained in competitive trial with different makes of similar machines for over a month. Defendant then bought it and paid Cochran the agreed price. Some time thereafter Cochran desired to borrow the machine for the use of Latshaw on a trip which he was to take to solicit trade in South Dakota. Defendant, before consenting, called Latshaw by telephone

and told him that he had bought the machine and did not like to lend it unless they needed it badly. Latshaw responded, so defendant testified, that they could get along without it. There is also some evidence tending to show that some one from Latshaw's office came to defendant's place of business several months after the sale to inspect or adjust the machine. Mr. Latshaw held himself out as sales manager of "Dalton Adding, Listing and Calculating Machine." In doing business, he sometimes accepted in part payment of a machine ordered an adding machine of some other make. We take it, when this was done, Latshaw made up to plaintiff the difference between the cash paid by the customer and the price at which he was authorized to take the order for, and then disposed of the machine received from the customer as his own property.

Latshaw's employment and authority were not in writing. He had represented plaintiff for many years in this state. Plaintiff insists that he had no authority to sell any of the machines entrusted to his possession and care for demonstrating purposes, nor to delegate such authority to subagents. The evidence warrants the conclusion that as between Latshaw and defendant there was a valid sale. We must assume that the court accepted the latter's testimony that when Latshaw was advised of the sale no objection thereto was made, and, when it appeared that Cochran decamped without turning over the money, Latshaw assured defendant that he would not be the loser. It would also seem to be a reasonable inference that a general sales agent of a foreign corporation, who has done its business in this state for years at a downtown store or office wherein are exhibited the articles the corporation manufactures and by the agency endeavors to dispose of, has authority to sell the same, nothing to the contrary appearing. We therefore think the finding of defendant's ownership of the machine is justified by the evidence.

But plaintiff complains of the ruling of the court which prevented it from showing the restrictions and limitations placed upon Latshaw's authority. We fail to find prejudicial error here. The chief accountant and the vice president of plaintiff testified by deposition. Neither one claimed to have talked with Latshaw or given him any oral instructions, and it is plain their testimony as to authority could be nothing more than legal conclusions, and these were properly excluded. Plaintiff

also called Mr. Latshaw, who testified that he was solicitor and sales agent for plaintiff, and his duties were to solicit orders for its machines. Objections were sustained to these questions: "Do you ever sell sample machines?" "Under your instructions from the Dalton Adding Company, are you allowed by them to sell these machines you have on hand, these sample machines?" "And I will ask you what are your instructions from them regarding the sale of these machines?" The first question called for an immaterial matter. The second was objectionable calling for a conclusion before bringing out what actually was agreed upon when plaintiff employed Latshaw. The third question was proper enough, if it was intended to call for the conversation between the witness and some officer of plaintiff in relation to the matter. But the record leaves it in doubt whether Latshaw ever talked to any officer or managing agent of the company, and if so was it at a time pertinent to this lawsuit. Nor was the court advised of the substance of the instructions if any were given. From the fact that Latshaw stated that he had no written instructions from plaintiff, and disclosed no personal interview with its officers, it must be concluded that the inquiry sought to elicit nothing but the opinion or conclusion of Latshaw. No prejudicial error is seen in the exclusion of the opinion called for by the question.

Error is also assigned upon rulings permitting respondent's counsel to cross-examine Latshaw as to his telephone conversation with defendant about Cochran's desiring to borrow the machine for Latshaw's use on his trip to South Dakota. The rulings were right. Latshaw on direct examination testified that he never authorized Cochran to sell, take or solicit orders for the machine defendant purchased. Any cross-examination which went to disclose Latshaw's knowledge of Cochran's acts in making the sale and an acquiescence therein was proper, and bore upon the credibility of the witness' assertion that no authority had been given Cochran.

Order affirmed.